IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,

      Plaintiff,                             No. CIV S-09-0195 FCD DAD P

      vs.

M. BROWN, et al.,

      Defendants.                         <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. In accordance with the court's January 30, 2009 order, plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

---

[1] On March 11, 2009, the court issued findings and recommendations, recommending dismissal of this action due to plaintiff's failure to file an application to proceed in forma pauperis. Plaintiff filed objections to those findings and recommendations, together with an application to proceed in forma pauperis. Good cause appearing, the court will vacate its findings and recommendations and allow the case to proceed in accordance with this order.

1   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See
2 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is
3 currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28
4 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of
5 the preceding month's income credited to plaintiff's prison trust account.  These payments shall
6 be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
7 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
8 § 1915(b)(2).

9   The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
11 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
14 U.S.C. § 1915A(b)(1) & (2).

15   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21 Cir. 1989); Franklin, 745 F.2d at 1227.

22   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
26 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Before the court had an opportunity to screen plaintiff's original complaint, he filed an amended complaint. The Federal Rules of Civil Procedure provide that a party may

3

amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Accordingly, the court will proceed to screen plaintiff's amended complaint.

In his amended complaint, plaintiff has identified as defendants Mr. Brown, Mr. Sanchez, Mr. Koenig, Mr. Tovar, Mrs. Hobbs, Mr. Davey, Mr. Wright, and Mr. McDonald. All of the defendants appear to be employees at High Desert State Prison ("HDSP"). Plaintiff's amended complaint is difficult to decipher, but he appears to allege as follows. Plaintiff arrived at HDSP on November 27, 2007, and requested a cell move to prevent cellmate violence. According to plaintiff, Officers Reppetoe and Van Sant told him that he had to hit or kick staff for a cell move to administrative segregation. Plaintiff alleges that he recited his "rights," and without explanation, the officers handcuffed him and told him they were going to escort him to the program office but instead took him outside where Lieutenant Rath was waiting with Officers Johnson and Harris. According to plaintiff, Lieutenant Rath told Officer Harris to "have a talky talk" with plaintiff. Officer Harris then struck plaintiff with his baton while Officer Edwards pointed a weapon at plaintiff. Officers Johnson, Reppetoe, and Van Sant then sprayed plaintiff with pepper spray. (Am. Compl. 3-5.)

Plaintiff appears to allege that he filed a staff complaint about this alleged incident and as a result, he experienced several acts of retaliation. For example, he alleges that officers issued him a rules violation report for purportedly breaking the cell block's glass front window. Plaintiff alleges that he received a punishment of 60 days loss of credits, and the officers at his hearing threatened to further retaliate against him. Plaintiff also alleges that Sergeant Koenig summoned plaintiff to the program office where he directed derogatory, profane language at him and then ordered a search of plaintiff's cell for a phonebook. Plaintiff alleges that Officers Tevar and Hobbs executed the cell search and temporarily seized plaintiff's "legal and regular property," including his identification card, resulting in plaintiff's workplace absence and an additional rules violation charges being brought against him for missing his G.E.D. classes.

Plaintiff alleges that as a result of this rules violation he lost 30 days of entertainment. In addition, plaintiff alleges that when he received his property back, it was disorganized and that sentimental valuables were missing. (Am. Compl. at 6-15.)

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff elects to pursue this action by filing a second amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In addition, plaintiff must allege in his second amended complaint how each defendant's alleged actions resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In his amended complaint, plaintiff has not included any specific allegations against several of the defendants.

/////

If plaintiff elects to file a second amended complaint, he should also clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Plaintiff is advised of the following legal standards. First, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the extent that plaintiff seeks damages from defendants for conduct that resulted in a loss of credits, he must first pursue and obtain relief through a habeas corpus action.

Second, plaintiff is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). However, to prevail on an Eighth Amendment claim, the plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also
/////

show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

It is well established that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley, i.e., whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. A prisoner is not required to show a "significant injury" to establish that he suffered a sufficiently serious constitutional deprivation. Hudson, 503 U.S. at 9-10.

It is also well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833. "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. Prison officials do not, however, incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Third, plaintiff is advised that both litigation in this court and filing administrative grievances are protected activities, and prison officials may not retaliate against prisoners for engaging in these activities. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68. However, plaintiff is advised that not every allegedly adverse action is sufficient to support a claim for retaliation. See, e.g., Huskey v. City of San Jose, 204 F.3d

/////

893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this.").

Finally, plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In his amended complaint, plaintiff has not alleged any facts suggesting that the taking of his property was authorized. The California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. See Hudson, 468 at 533; Parratt v. Taylor, 451 U.S. 527, 543 (1981) (a prisoner alleging the deprivation of property as a result of an agents' failure to follow established state procedures failed to state a cognizable due process claim); overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986) (a prisoner alleging lack of due care by state officials failed to state a due process claim because negligence does not "deprive" an individual of life, liberty, or property for purposes of the Fourteenth Amendment). If plaintiff has not attempted to seek redress in the state tort claims system, he will not be able to sue in federal court on the claim that the state deprived him of property without due process of the law.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer

serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also pending before the court is plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's March 11, 2009 findings and recommendations are vacated.

2. Plaintiff's application to proceed in forma pauperis (Doc. Nos. 10 & 11) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's March 11, 2009 amended complaint (Doc. No. 8) is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      6. Plaintiff's March 11, 2009 motion for appointment of counsel (Doc. No. 9) is denied.

      7. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: July 14, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lewi0195.14a